Caruthers, J.,
delivered the opinion of the Court.
Wm. Hutchinson made his Will, and appointed his son, Wm. IT. Hutchinson, and his son-in-law, J. D. Bennett, .executors. The former propounded the Will for probate, in the County Court of Sumner, when Shaw and wife appeared, and contested it. The case was then *472 transferred to the Circuit Court for trial, as provided by law.
The executor, Hutchinson, and the contestants entered into the proper bonds for costs. The issue of Will or no Will was made up, the Will was established. Wm. H. Hutchinson became insane, and Jas. D. Bennett was qualified by the County Court, as executor. G-. G-. Bradford was employed by Wm. H. Hutchinson, as an attorney, to attend to the case, in favor of the Will, both in the County and Circuit Courts.
He drew up his account for $150, as his fee, and the executor, Bennett refusing to pay it, he sued him before a Magistrate, and the case went to the Circuit Court, where he recovered the amount claimed, and the case is brought here by appeal in error.
By the judgment of the Circuit Court, the amount recovered was to be collected out of the goods and chattels of the estate, if sufficient, and if not, then the defendant to be personally liable. The plaintiff in error, insists, that he is not liable, either as executor, or personally, because, be made no contract with the defendant in errror, in either capacity; but, that Wm. H. Hutchinson is alone responsible, as he was the contracting party, and made the contract for himself.
But, the Court charged, that if Hutchinson employed counsel to take the proper steps to have the Will proven, in his capacity of nominated executor, the estate would be liable for such services, in case the Will was established; but, that if he employed the counsel as legatee, and not as executor, or agreed to pay him out of his own funds, then it would a personal contract, and *473 not a charge upon the estate. Upon this charge, the jury found for the plaintiff below.
We think, His Honor charged the law correctly. It is true, Bennett did not join in the issue of davisa-vit vel non, nor did he contract with the attorney; but, upon the establishment of the Will, he took upon himself the executorship, and thereby became responsible, as such, to all proper claims against the estate. Hutchinson did not contract, as the jury found, as an individual, for himself, or agree to pay out of his own funds, but in the performance of a duty imposed upon him as the representative of the testator.
It was his duty to propound the Will for probate. He was acting for all the legatees under the Will, and this was his duty, whether he had any interest in it, or not.
He was under obligations, if he did not renounce, to take all proper steps, and incur any necessary expenses to sustain the Will, and faithfully carry out the trusts imposed upon him.
If in doing this, he had to employ counsel, it would be most unreasonable to throw the burthen upon him, individually, when he was acting for the benefit of others, and in the discharge of his duties as their representative.
If this view be correct, as it seems to -us, it most clearly is, the estate must be liable, no matter in whose hands it may fall, under the law. Bennett then, by becoming executor, became responsible, in that capacity, for professional services rendered in support of the Will. How this would be, in a case where it turned out, upon trial, that the paper propounded was not the *474 Will of the deceased, we need not say, so far as this case does not call for an opinion on that point. That question may present much more difficulty, and we leave it for a case in which it may properly arise.
The judgment will be affirmed.